IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>10503 Campus Way South, Upper Marlboro, Prince George's County, State and District of Maryland, Real Property with Buildings, Appurtenances, and Improvements, *in rem*,<br><br>Defendant. | Case No. 1:17-cv-01619-MA<br><br>**OPINION AND ORDER** |

**Marsh, Judge**.

Plaintiff, the United States of America, brings this civil forfeiture proceeding pursuant to 18 U.S.C. §§ 981 and 984; and 28 U.S.C. §§ 1345, 1355, 1356, and 1395, seeking forfeiture of the Defendant real property on the basis that it constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. § 1341 (Mail Fraud), 18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C. § 1344 (Bank Fraud), and 18 U.S.C. § 1028(a)(7) (Identity Theft). Pl.'s Compl. (ECF No. 1) at 2. Currently before the Court is Plaintiff's Motion for Summary Judgment (ECF No. 7). For the reasons set forth below, this Court GRANTS Plaintiff's Motion.

Page 1 – OPINION AND ORDER

## BACKGROUND

The following facts are undisputed. On or about April 23, 2015, Emmanuel Kazeem purchased the Defendant real property for $175,000 under the name E & A Investors, a Maryland corporation that he formed in 2014 as the incorporator, the resident agent, and director. Pl.'s Compl., Ex. A (Decl. of IRS Special Agent Colleen Anderson) at 1, 8. Two weeks later, on May 7, 2015, Kazeem was indicted in this Court for Conspiracy to Commit Mail and Wire Fraud, Mail Fraud, Wire Fraud, and Aggravated Identity Theft. *United States v. Kazeem*, 1:15-cr-00172-AA.

The indictment charged Kazeem and his co-defendants with "obtaining stolen personal identifying information of more than 125,000 individuals and, beginning at least as early as the 2012 tax year. . ., using that information to file fraudulent federal and state tax returns." *Id.*, Indictment (ECF No. 3) at 1. The indictment alleged that Kazeem and his co-defendants filed "over 980 false federal tax returns seeking over $6.6 million dollars in fraudulent refunds," that resulted in "[t]he actual loss [of more than] $2 million dollars from tax returns accepted for payment by the Internal Revenue Service (IRS)." *Id.* at 1-2.

On May 7, 2015, the trial court issued warrants for the arrest of Kazeem and his co-defendants. *Id.*, Arrest Warrants (ECF Nos. 9-13). On May 13, 2015, law enforcement officials arrested Kazeem's co-defendants but were unable to locate Kazeem. *See id.*, Executed Arrest Warrants (ECF No. 28, 29, 45, 46). On May 13, 2015, federal officials executed a search warrant at Kazeem's Maryland residence, but he was not there. *Id.*, Order Denying Mot. for Release from Custody (ECF No. 82) at 3. The agents spoke to Kazeem's roommate and left copies of the warrant. *Id.*

One week later, on May 20, 2015, Kazeem sold the Defendant real property to Claimant Oluwaseun Ojuade, his sister, for $10.00. Pl.'s Compl, Ex. A at 8. He also added Claimant to the

Page 2 – OPINION AND ORDER

deed on his personal residence for $10.00. *Id.* The following day, Kazeem flew from Maryland to Oregon and self-surrendered. *Id., see United States v. Kazeem*, 1:15-cr-00172-AA, Executed Arrest Warrant (ECF No. 25).

Claimant, a citizen of Nigeria, has entered the United States on only one occasion, from April 16, 2015 to May 5, 2015. Pl.'s Compl., Ex. A at 9. She departed the United States fifteen days before Kazeem deeded the property to her. *Id.*

On August 4, 2017, a jury convicted Kazeem of four counts of wire fraud, five counts of mail fraud, one count of conspiracy to commit wire and mail fraud, and nine counts of aggravated identity theft related to the tax fraud scheme. *United States v. Kazeem*, 1:15-cr-00172-AA, Jury Verdict (ECF No. 217). Kazeem's appeal of his conviction is pending before the Ninth Circuit. *See id.*, Notice of Appeal (ECF No. 295).

At the time Kazeem purchased the Defendant real property, his sole source of income was the proceeds of the tax fraud scheme for which he was convicted. In her Declaration, Colleen Anderson, Special Agent of the Internal Revenue Service-Criminal Investigations, sets forth her uncontested investigative findings:

> 14. Kazeem's personal 2012, 2013, and 2014 tax returns show Kazeem reported U.S. domestic income from non-verifiable sources, but reported no foreign income. Kazeem reported on his 2012 tax return that he received approximately $22,455 in net income from Paktims Global, a small schedule C car business. No income documents were issued pertaining to the receipt or disbursement of funds regarding this business. Kazeem reported on his 2013 and 2014 tax returns that he earned $85,632 in 2013 and $98,601 in 2014 from FBC Graphics Inc. and attached Forms W-2 from this entity to his tax returns. Further investigation into the Forms W-2 showed the entity had not been active for several years and it had not issued any Forms W-2 or other income documents to Kazeem or anyone else for the 2013 and 2014 tax years.
>
> 15. The investigation found Kazeem provided completely different income sources and verification documents to U.S. Immigration Services for tax years

Page 3 – OPINION AND ORDER

2013 and 2014 than those provided to the IRS. Kazeem provided U.S. Immigration Services with a 2013 Form W-2 for $85,632.32 from Brightway Limo & Travel Services and an employment letter dated July 10, 2014 for $65,432.63 from AGF Global. IRS records show that these businesses had not issued any W-2 or other income-related documents during those tax periods to Kazeem or anyone else.

16. Corporation Commission and IRS Records show Kazeem registered E&A Investors Corporation in June 2014 with the State of Maryland and requested an employment identification number from the IRS for the corporation. IRS records show that no income documents were received or issued by E&A Investors Corporation and no tax returns were ever filed with the IRS under the corporation's name or employment identification number.

17. Although no legitimate domestic or foreign income sources were found for Kazeem for the 2012-2015 tax years, Western Union money transfer control numbers found in Kazeem's email accounts tied him to over 700 wire transfers for over $695,000 in suspected fraudulent tax proceeds during this same time period. In addition, four GTBank statements found on Kazeem's iMac computer at his Maryland residence showed $80,000 in multiple cash deposits were made to Kazeem's US currency GTBank account in Nigeria between July 2013 and October 2014 by two individuals in Nigeria.

Pl.'s Compl. Ex. A at 6-7.

The government filed this civil forfeiture proceeding on October 13, 2017 and shortly thereafter this Court issued a Writ of Entry (ECF No. 5). An Internal Revenue Service Criminal Investigations Special Agent thereafter posted notice of the Complaint on the property at which time the home appeared vacant. Decl. of Amy Potter (ECF No. 8) at 2. In February 2018, the IRS forfeiture contractor entered the Defendant real property and took administrative possession. *Id.* The home was vacant at that time and no one has contracted Plaintiff's counsel or the IRS agent to obtain access to the property. *Id.* at 2-3.

## STANDARDS

"'Summary judgment is appropriate only if, taking the evidence and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.'"

Page 4 – OPINION AND ORDER

*Pike v. Hester*, 891 F.3d 1131, 1137 (9th Cir. 2018) (quoting *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011)). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of proving the absence of a genuine dispute of material fact. *U.S. Auto Parts Network, Inc. v. Parts Geek, LLC*, 692 F.3d 1009, 1014 (9th Cir. 2012). Once the moving party points out the lack of evidence to support the non-moving party's case, the burden shifts to the non-moving party to go beyond the pleadings and show a genuine issue of material fact exists. *Anderson*, 477 U.S. at 248; *Whiteway v. Fedex Kinko's Office and Print Serv.*, 319 F. App'x 688, 688 (9th Cir. 2009).

## DISCUSSION

Plaintiff moves for summary judgment on the basis that Claimant lacks Article III standing and cannot demonstrate that she is an innocent owner. Plaintiff argues that "regardless of whether the [C]laimant knew that her brother was involved in a fraud scheme, she cannot establish that she has a valid ownership interest in the real property or that she is an innocent owner." Pl.'s Mot. for Summ. J. at 3, 5. Plaintiff argues that because there is no dispute regarding what Claimant paid for the property, "[n]o reasonable jury could find that [C]laimant had any real interest in the property or that she was a bona fide purchaser for value." *Id.* at 5.

In opposition, Claimant has submitted a Memorandum in Opposition to Motion for Summary Judgment, a Declaration, a copy of her original Claim, an Answer (never filed as such with the Court), a copy of the deed, and several receipts reflecting expenditures on the property. *See* Claimant's Resp. (ECF No. 20). This Court strikes Claimant's Memorandum and Answer on the basis that they are not signed by Claimant, and Claimant's attorney is not admitted to practice in this Court and did not move to proceed *pro hac vice*. *See* LR 83-1, 83-2, and 83-3.

Page 5 – OPINION AND ORDER

Claimant asserts that she is a bona fide purchaser for value, declaring that she bought the Defendant real property from her brother Kazeem for $10.00 "in good faith and coupled with the love and affection subsisting between me and my brother." Claimant's Resp., Decl. of Oluwaseun Ojuade at 2. Claimant declares that she has "taken pro-active steps in asserting [her] ownership of the property since the time of purchase," and attaches photocopies of receipts reflecting the payment of property taxes and home owner association dues. *Id.* at 2 & Attach. 3.

I.  **Standing**

Plaintiff contends that Claimant lacks Article III standing to challenge the forfeiture of the Defendant real property because she is not an owner of the property for purposes of contesting the forfeiture and instead is a mere nominee who has exercised no dominion or control over the property. Pl.'s Mot. for Summ. J. at 10.

Article III standing is a threshold question in every federal case. *United States v. Real Prop. Located at 5208 Los Franciscos Way, Los Angeles, Cal.*, 385 F.3d 1187, 1191 (9th Cir. 2004). In a civil forfeiture proceeding, "this determination turns on whether the Claimant has a sufficient interest in the property to create a case or controversy." *Id.* Claimant's burden is not a heavy one, she need only demonstrate a colorable interest in the property, for example, by showing actual possession, control, title, or financial stake. *Id.*; *United States v. $133,420 in U.S. Currency*, 672 F.3d 629, 637-38 (9th Cir. 2012). However, "[p]ossession of mere legal title by one who does not exercise dominion and control over the property is insufficient . . . to establish standing to challenge a forfeiture." *United States v. One Parcel of Land, Known as Lot 111-B*, 902 F.2d 1443, 1444 (9th Cir. 1990) (holding that claimant who was listed as title owner of the defendant property lacked standing because he presented no documentary evidence regarding his purchase of the property and provided no documentary evidence to support his assertion that he paid property

Page 6 – OPINION AND ORDER

taxes on the land); *see United States v. Vacant Land*, 15 F.3d 128, 130 (9th Cir. 1993) (holding that a claimant, who paid no consideration for the property and offered no evidence that he made any mortgage or tax payments or had the ability to enter the property or otherwise exercise the authority as a landlord, lacked standing). "At the summary judgment stage, the district court must ask itself whether a fair-minded jury could find that the claimant had standing on the evidence presented." *$133,420 in U.S. Currency*, 672 F.3d at 638 (internal quotations omitted).

Given the relatively low threshold necessary to demonstrate standing, this Court concludes that Claimant's Declaration, the deed, and receipts reflecting payment of taxes and home owner association dues creates a genuine dispute of material fact as to whether she has a colorable interest in the property sufficient to confer standing. Accordingly, summary judgment is not warranted on the issue of Article III standing.

## II. Forfeitability of the Defendant Property & the Innocent Owner Defense

The government also moves for summary judgment on the basis that the Defendant real property is forfeitable because it was purchased with the proceeds of Kazeem's illegal activity and there is no issue of fact as to whether Claimant is an "innocent owner" under § 983(d)(1).

A. Forfeitability of Defendant Property

"In a civil forfeiture action, the government bears the burden of providing by a preponderance of the evidence that the property is subject to forfeiture." *United States v. $11,500.00 in U.S. Currency*, 710 F.3d 1006, 1013 (9th Cir. 2013); *United States v. Ferro*, 681 F.3d 1105, 1109 (9th Cir. 2012); 18 U.S.C. § 983(c)(1). The determination of whether the government has met its burden of proof is based on the aggregate facts, including circumstantial evidence. *United States v. $42,500.00*, 283 F.3d 977, 980 (9th Cir. 2002). A claimant asserting the

affirmative defense that he or she is an innocent owner under § 983(d)(1) bears the burden of proving the defense by a preponderance of the evidence. *Ferro*, 681 F.3d at 1109.

The following aggregate facts set forth in the Declaration of Special Agent Anderson establish that there is no genuine dispute of material fact that the property is forfeitable on the basis that it constitutes, or is derived from, proceeds traceable to Kazeem's fraudulent offenses: (1) funds from the fraudulent tax returns filed by Kazeem were his only source of income between 2012 and 2015; (2) Kazeem purchased the Defendant real property in 2015 for $175,000 through a nominee corporation; (3) Kazeem sold the property one week after his co-defendants were arrested and a search warrant was executed at his residence; (4) Kazeem sold the property one day before he self-surrendered to federal authorities. Claimant does not dispute the forfeitability of the property other than to note that Kazeem's conviction is on appeal. Claimant's Resp., Decl. at 2.

B. Innocent Owner Defense

Claimant challenges the forfeiture of the Defendant real property on the basis that she is an innocent owner. Pursuant to 18 U.S.C. § 983(d)(1), "[a]n innocent owner's interest in property shall not be forfeited under any civil forfeiture statute." The claimant bears the burden of proving that she is an innocent owner by a preponderance of the evidence. 18 U.S.C. § 983(d)(1); *Ferro*, 681 F.3d at 1109. Where, as here, the claimant purchased the property after the alleged illegal conduct occurred, the claimant is an "innocent owner" only if she (1) was a bona fide purchaser for value; and (2) did not know and was reasonably without cause to believe that the property was subject to forfeiture. 18 U.S.C. § 983(d)(3)(A).

This Court concludes that there is no genuine issue of fact as to whether Claimant was a bona fide purchaser for value. It is undisputed that Claimant paid only $10.00 for the Defendant real property that was purchased by Kazeem one month earlier for $175,000. Further, it is

Page 8 – OPINION AND ORDER

undisputed that the sale occurred fifteen days after Claimant left the country. Claimant's assertion that the consideration for the sale of the property included "love and affection," (Claimant's Resp., Decl. at 2) is not reflected in the deed and, in any event, does not dictate a contrary conclusion because a bona fide purchaser for value requires a showing that the purchaser obtained title in an arm's length transaction with the expectation that he or she would receive equivalent value in return. *See United States v. 1309 Fourth St., La Grande, Union* Cty., Civ. No. 2:12-cv-02263-MA, 2015 WL 670572, at *8 (D. Or. Feb. 17, 2015) (collecting cases holding that a bona fide purchaser for value must give value in an arms-length transaction with the expectation that he or she will receive equivalent value in return). Given the nominal consideration paid for the property, and Claimant's failure to maintain the property or otherwise exert dominion or control over the property, no reasonable jury could conclude that Claimant is an innocent owner. Accordingly, summary judgment is warranted and a final judgment forfeiting the Defendant real property to the United States shall be entered.

## CONCLUSION

Based on the foregoing, this Court GRANTS Plaintiff's Motion for Summary Judgment (ECF No. 7). Plaintiff shall submit a form of judgment.

IT IS SO ORDERED.

DATED this 27 day of December, 2018.

*Malcolm F. Marsh*
MALCOLM F. MARSH
United States District Judge